1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11

ASHRAF GEORGE, ASHRAF
BOTROS,

12

            Plaintiffs,

13

14

     v.

PSYCHEMEDICS CORPORATION
and DOES 1 through 50, inclusive,

15

16

            Defendants.

17

18

19

Case No. 2:15-cv-06936-DMG-JCx

**ORDER RE: STIPULATED
PROTECTIVE ORDER OF THE
PARTIES**

[CHANGES MADE TO PARAGRAPHS
2.1(Q), 3 AND 5.3(B)]

Complaint Filed: July 30, 2015
Trial Date:      None
District Judge:   Hon. Dolly M. Gee
Magistrate Judge: Hon. Jacqueline
                  Chooljian

20
21
22
23
24
25
26
27
28

## 1.   A.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action, which has been brought by Plaintiffs Ashraf George and Ashraf Botros ("Plaintiffs") against Defendant Psychemedics Corporation ("Defendant"), is likely to involve production of material that a producing party contends is confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, including, but not limited to: (1) proprietary and confidential information; (2) internal business or financial information, including trade secret information; (3) non-public private, and/or confidential personal or personnel information relating to current and/or former nonparty employees of Defendant;  (4) medical records, including those of Plaintiffs; and  (5) any other similar proprietary, confidential, and/or private information. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.4, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

### B.     <u>GOOD CAUSE STATEMENT</u>

Good cause exists to protect the good faith designation of each of the categories of documents identified above, as prejudice or harm to Plaintiffs and Defendant (collectively, the "Parties") and/or to one or more third parties may result if no protective order is granted.  In particular, Defendant's business competitors could obtain an unfair advantage, Defendant could be economically prejudiced, Defendant's customers could be economically prejudiced, and the privacy rights of Defendant's current and/or former employees, including Plaintiffs, could be violated

if any of the confidential information identified above is published for purposes outside those permitted in this Stipulated Protective Order.  The Parties seek to avoid undue economic harm to the Parties and/or to third parties resulting from complying with their discovery obligations.  The purpose of this Stipulated Protective Order is to protect any legitimately designated confidential business, employee, and privacy-protected information to be produced in this action from public disclosure.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties, and third parties designating documents for protection under this Order, acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The purpose of this Order is to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The Parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

## 2.   **DEFINITIONS**

2.1.   Unless otherwise specified, the terms listed below have the following meanings as used throughout this Stipulated Protective Order:

(a)   The terms "**Acknowledgment And Agreement To Be Bound**," "**Certification**," and "**Certifications**" mean and refer to the document which is entitled, "Acknowledgment And Agreement To Be Bound," and which has been attached as Exhibit A to this Stipulated Protective Order.

(b)     The terms "**Confidential**," "**Confidential Information**," and "**Confidential Items**" mean information (regardless of how generated, stored, or maintained) and/or tangible things that qualify for protection under the provisions of Paragraph 1, above.

(c)     The term "**Counsel**," without any qualifier, means Outside Counsel and House Counsel (as well as their respective support staffs).

(d)     The term "**Designating Party**" means a Party or nonparty that designates information and/or items that it produces in responses to discovery in this matter as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only."

(e)     The terms "**Disclose**," "**Disclosed**," and "**Disclosure**" mean to reveal, divulge, give, or make available any items, information, and/or materials, or any part thereof, or any information contained therein.

(f)     The terms "**Disclosure Material**" or "**Discovery Material**" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and/or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

(g)     The term "**Expert**" means any person(s) with specialized knowledge and/or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this action and who is not a current and/or former employee of an adverse Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

(h)     The terms "**Highly Confidential – Attorneys' Eyes Only**," "**Highly Confidential – Attorneys' Eyes Only Information**," and "**Highly Confidential – Attorneys' Eyes Only Items**" mean extremely sensitive Confidential Information and/or Confidential Items whose Disclosure to

another Party or to a nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

(i)       The term "**House Counsel**" means attorneys who are employees of a Party to this action.

(j)       The term "**Outside Counsel**" means attorneys who are not employees of any Party but who are and/or have been retained to represent and/or advise one or more Parties in this action.

(k)       The terms "**Party**" and "**Parties**" mean any and all parties to this action, including, but not limited to, any and all officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff) of any party to this action.

(l)       The term "**Private Material**" means any document or other Discovery Material that contains the names, addresses, and/or other contact information of any current and/or former employee(s) of one or more of the defendant entities.

(m)       The term "**Producing Party**" means a Party or nonparty that produces Discovery Material in this action.

(n)       The term "**Professional Vendors**" means persons and/or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, and/or retrieving data in any form or medium; etc.) and their respective employees and/or subcontractors.

(o)       The terms "**Protected Material**" and "**Protected Materials**" mean any Discovery Material that is designated by any Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or that contains any Private Material.

(p)       The term "**Receiving Party**" means a Party that receives Discovery Material from a Producing Party.

(q)    The terms "**Stipulated Protective Order,**" "**Protective Order,**" and "**Order**" mean and refer to the instant Order.

2.2.   The Parties expressly agree that the term "trade secrets" shall mean and refer to any information – including any formula, pattern, compilation, program, device, method, technique, or process – that: (a) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its Disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, and shall be interpreted in accordance with the definition of that term in Section 3426.1, subsection (d), of the California Civil Code of Procedure.

## 3.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, and/or compilations thereof, plus deposition testimony, conversations, and/or presentations by Parties and/or Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

## 4.   DURATION

4.1.   Duration Of Confidentiality Obligations.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise, in writing, or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) the dismissal of all claims and defenses in this Action, with or without prejudice; or (2) the final judgment herein after the completion and exhaustion of all appeals,

///

rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.2.    Retention Of Jurisdiction.  To the extent permitted by law, the Court shall at all times retain jurisdiction to enforce, modify, and/or reconsider the terms and provisions of this Stipulated Protective Order, even after the termination of this litigation.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise Of Restraint And Care In Designating Material For Protection. Each Party and/or nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, and/or oral or written communications that qualify – so that other portions of the material, documents, items, and/or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a Party's or a nonparty's attention that information and/or items that it previously designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or nonparty must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Meet and Confer.

Before designating information or items for protection under this Stipulated Protective Order, each Party must meet and confer regarding the information or items the Party intends to designate "Attorneys Eyes Only." The meet and confer process must begin by conferring directly (in voice-to-voice dialogue or in writing, by e-mail or U.S. Mail) with Counsel for the Designating Party.  The Parties agree to meet and confer pursuant to the requirement set forth in Rule 37-1 of the Central District of California Local Civil Rules (hereinafter "Local Rules").

///

5.3.    <u>Manner And Timing Of Designations.</u>  Except as otherwise provided in this Order (*see, e.g.*, Paragraph 5.3(a)(ii)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is Disclosed or produced.  Designation in conformity with this Order requires:

(a)    For information in documentary form:

i.    That the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

ii.    Any Party and/or nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") conspicuously on each page that

contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

(b)     For deposition testimony, that the Designating Party – or, if the Designating Party is not present, the Party or nonparty offering or sponsoring the testimony – identify, on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party may invoke, on the record, and before the deposition is concluded, a right to have a reasonable time period of up to twenty (20) calendar days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential – Attorneys' Eyes Only").  Only those portions of the testimony that are appropriately designated for protection within the reasonable time period of up to twenty (20) calendar days shall be covered by the provisions of this Stipulated Protective Order.  Pages of transcribed deposition testimony and/or exhibits to depositions that reveal and/or contain Protected Material must be separately bound by the court reporter, who must affix conspicuously on each page that contains Protected Material the legend "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party.

///

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix, in a prominent place on the exterior of the container(s) in which the information and/or item is stored, the legend "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information and/or items warrant protection, the Producing Party shall, to the extent practicable, identify the protected portions, specifying whether they qualify as "Confidential" and/or as "Highly Confidential – Attorneys' Eyes Only."

5.4.   Inadvertent Failures To Designate.  If timely corrected, an inadvertent failure to designate qualified information and/or items as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   Timing of Challenges.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.   Meet And Confer.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g*., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1.    Basic Principles.

        (a)    Each Receiving Party may use Protected Material that is Disclosed or produced by another Party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

        (b)    Protected Material may be Disclosed and/or produced only to the categories of persons and under the conditions described in this Order.

        (c)    When the litigation has been terminated, each Receiving Party must comply with the provisions of Paragraph 12, below.

        (d)    Protected Material must be stored and maintained by each Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        (e)    As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order.

    7.2.    Disclosure Of Confidential Information And/Or Confidential Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any information, document, and/or item that has been designated "Confidential" only to:

        (a)    The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to Disclose the information, document, and/or item for this litigation;

        (b)    The officers, directors, and employees (including, but not limited to, House Counsel) of the Receiving Party to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(c)     The officers, directors, and managers of the Designating Party during a deposition, to whom Disclosure is reasonably necessary for this litigation;

(d)     Experts of the Receiving Party to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(e)     The Court and its personnel;

(f)     Private court reporters, their staffs, and Professional Vendors to whom Disclosure is reasonably necessary for this litigation and who have been informed that the information, document, and/or item is subject to a protective order and must remain confidential;

(g)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound";

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(j)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.    <u>Disclosure Of Highly Confidential – Attorneys' Eyes Only Information And/Or Highly Confidential – Attorneys' Eyes Only Items.</u>  As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any information, document, and/or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a)     The Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to Disclose the information for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(b)     Experts to whom Disclosure is reasonably necessary for this litigation, and who have signed the Acknowledgment And Agreement To Be Bound;

(c)     The Court and its personnel;

(d)     Private court reporters, their staffs, and Professional Vendors to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(e)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment and Agreement to Be Bound;

(f)     The author or recipient of a document containing the information or a custodian or other person who possessed or knew the information; and

///

///

(g)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4.    <u>Procedures For Disclosure Of Protected Material To "Experts."</u>  Unless otherwise ordered by the Court or agreed to, in writing, by the Designating Party, if the Receiving Party of the Protected Material seeks to Disclose to an Expert (as defined in this Order) any information and/or item that has been designated as Protected Material, it first must:

(a)     Ensure that the Expert has read this Stipulated Protective Order and has executed the Acknowledgment And Agreement To Be Bound;

(b)     Have in its possession the Expert's executed Acknowledgment And Agreement To Be Bound prior to releasing any Protected Material to the Expert; and

(c)     Ensure that the Expert has agreed not to Disclose the Protected Material to anyone who has not also agreed to be bound by the Acknowledgment And Agreement To Be Bound.

Provided the Receiving Party complies with the provisions of this Paragraph 7.4, the Receiving Party has no obligation to disclose the identity of any of its Experts pursuant to this Paragraph, but this Paragraph shall not affect any duty to disclose experts contained in applicable rules, by stipulation of the Parties, or by order of the Court.

## 8.    <u>PROTECTED MATERIAL SUBPOENAED AND/OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or an order issued in other litigation that would compel Disclosure of any information and/or items designated in this action as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only," the Party must:

///

(a)     Promptly notify the Designating Party, in writing (by fax or e-mail, if possible).  The Receiving Party must provide such notification as soon as is practicable, and must use its best efforts to provide such notification within three (3) court days after receiving the subpoena or order.  When providing such notification to the Designating Party, the Receiving Party must include a copy of the subpoena or court order that would compel the Disclosure described herein unless prohibited by law;

(b)     Provide prompt notification, in writing, to the party that caused the issuance of the subpoena or order in the other litigation that some or all the information and/or items covered by the subpoena or order is the subject of this Stipulated Protective Order.  When providing such notification to the party in the other action that caused the subpoena or order to issue, the Receiving Party must include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties on the Receiving Party is to alert the interested parties in the other action that caused the subpoena or order to issue to the existence of this Stipulated Protective Order, and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the

burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.** **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, *et seq*. within fourteen (14) days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information

responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a)   Notify the Designating Party, in writing, of the unauthorized Disclosure(s);

(b)   Use its best efforts to retrieve all copies of the Protected Material;

(c)   Inform the person or persons to whom unauthorized Disclosures were made of all the terms of this Order; and

(d)   Request that the person or persons to whom unauthorized Disclosures were made execute the Acknowledgment And Agreement To Be Bound.

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

## 12.   **FINAL DISPOSITION**

   12.1.   Return And/Or Destruction Of Protected Materials.

   After the final disposition of this Action, as defined in Paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain "CONFIDENTIAL" Material.  Receiving Party's counsel will not retain archival copies of any documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

12.2  <u>Certification Of Disposition Of Protected Materials.</u>  Prior to expiration of the sixty (60) day deadlines described in Paragraph 12.1, above, Counsel for each Receiving Party must submit a written certification to the Producing Party and, if not the same person or entity, the Designating Party that (a) identifies (by category, where appropriate) all of the Protected Materials that were returned to the Producing Party; (b) identifies (by category, where appropriate) all of the Protected Materials that, with written permission from the Designating Party, were destroyed by the Receiving Party; and (c) affirms that the Receiving Party has not retained any Protected Materials, including any copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Materials.

12.4.  <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.     MISCELLANEOUS**

13.1.  <u>Counsel Agree To Maintain A File Of All Certifications (Exhibit A) Required By This Order.</u>  The file containing the Acknowledgments And Agreements To Be Bound and the specific Certifications therein shall be available for review by opposing Counsel.

13.2.  <u>Right To Further Relief.</u>  Nothing in this Order abridges the right of any person and/or entity to seek its modification by the Court at any time in the future.

13.3.  <u>Right To Assert Other Objections.</u>  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to

object on any ground to the use in evidence of any of the material covered by this Order.

**14.   <u>VIOLATION</u>**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

*PURSUANT TO STIPULATION, IT IS SO ORDERED.*

Dated:  January 14, 2016

_____/s/_____
The Honorable Jacqueline Chooljian
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ *[print or type full name]*, of

_____

*[print or type full address]*, expressly declare, represent, and agree, under penalty of

perjury, that:

1.      I have read, in its entirety, and I understand the Stipulated Protective

Order of the Parties that was issued by the United States District Court, Central

District of California, on  January 14, 2016 in the case of *Ashraf George, Ashraf*

*Botros v. Psychemedics Corporation*, Case No. 2:15-cv-06936-DMG-JCx (the

"Stipulated Protective Order").

2.      I am executing this Acknowledgment And Agreement To Be Bound in

order to satisfy the terms, provisions, and conditions set forth in the Stipulated

Protective Order, and prior to the disclosure to me of any information, items, and/or

documents that have been designated as "Confidential" pursuant to the Stipulated

Protective Order.

3.      I will comply with, and agree to be bound by, all of the terms,

provisions, and conditions set forth in the Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt of court.

4.      I will not disclose, in any manner, any information, documents, and/or

items that are subject to this Stipulated Protective Order to any person and/or entity

except in strict compliance with the terms, provisions, and conditions of this

Stipulated Protective Order.

///

///

///

5.    I further agree to submit to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after disposition of this action.

I hereby appoint _____ *[print or type full name]* of _____ *[print or type full address and telephone number]* as my California agent for service of process in connection with this action and/or any proceedings related to enforcement of the Stipulated Protective Order.

Full Name *[Printed Or Typed]*:        _____

Date:        _____

City And State *[Where Sworn And Signed]*:        _____

Signature:        _____.

23499876.1